R&R Capital LLC v Merritt (2019 NY Slip Op 00067)





R&R Capital LLC v Merritt


2019 NY Slip Op 00067


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


8033 604080/05

[*1]R & R Capital LLC, et al., Plaintiffs-Appellants,
v Linda Merritt, also known as Lyn Merritt, Defendant-Respondent.


Certilman Balin Adler & Hyman LLP, East Meadow (Paul B. Sweeney of counsel), for appellants.
Joseph T. Adragna, Huntington, for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 12, 2017, which denied plaintiffs' motion to dismiss defendant's counterclaims pursuant to CPLR 3211(a)(7), and/or for summary judgment pursuant to CPLR 3212, unanimously reversed, on the law, with costs, and the motion to dismiss the counterclaims granted. The Clerk is directed to enter judgment accordingly.
A prior ruling by Justice Ramos correctly found that the operating agreements of the LLCs did not require either party to fund the LLCs, and they clearly state what remedy the party who does fund the LLCs has in the event the other party does not fund its 50%. That is, the funding party could pay into the LLCs the other party's share of the funding, and treat it as a loan to the LLCs, with an interest rate of 12%. Because defendant's lender liability and tortious interference counterclaims rest on the erroneous assertion that plaintiffs were required to fund the LLCs, they should have been dismissed. Moreover, prior Pennsylvania and Delaware litigation has conclusively established that plaintiffs were the only parties to have funded the LLCs, and that Merritt, in fact, defrauded the LLCs and plaintiffs, further supporting dismissal of these counterclaims.
The scope and import of this Court's decision in R & R Capital LLC v Merritt (78 AD3d 533 [1st Dept 2010], lv dismissed 17 NY3d 769 [2011]) was to reassign trial of the counterclaims to another Justice. This Court did so to address plaintiffs' concerns about the previous Justice's impartiality, but such concerns did not arise from his rulings as to the nature of members' obligation to fund the LLCs. His rulings during proceedings on December 11, 2007 were not only supported by the language of the LLC agreement, but also consistent with his previous day's reciprocal rulings as to plaintiffs' claims against Merritt — rulings that no one claims were within the scope of our November 2010 order. Supreme Court accordingly went too far in deeming the entirety of the December 11, 2007 proceedings irrelevant to what it was permitted to consider.
The counterclaims should also have been dismissed in light of intervening events in the Delaware litigation. Given the language of the LLC operating agreements, the only claims Merritt could potentially assert were for tortious interference. However, all such claims had been placed under the exclusive jurisdiction of the Delaware court which, in turn, unequivocally barred Merritt from receiving any LLC distributions or assets ever again, and indeed instructed her to withdraw any claims in New York that sought to establish entitlement to LLC assets.
Moreover, Merritt's tortious interference counterclaim fails to meet the requisite elements to support such a claim (see Guard-Life Corp. v S. Parker Hardware Mfg. Corp., 50 NY2d 183 [1980]) because she does not allege valid agreements between herself and a third party. Her allegations regarding relationships with unnamed lenders are conclusory and vague, and she does not allege plaintiffs interacted with these third parties, or even knew about her relationships with them. To the extent her claim seeks to hold plaintiffs liable for her own debts, such claims are outside the scope of plaintiffs' responsibilities under the LLC agreements, and she alleges no [*2]other ground for their alleged duty to her. The "lender liability" counterclaim fails because Merritt does not and cannot allege a lender-borrower relationship between her and plaintiffs. To the extent the slander counterclaim was not previously dropped, it should have been dismissed due to Merritt's failure to allege the actual words used and/or that the counterclaim is not based on non-actionable rhetorical hyperbole (see CPLR 3016[a]; see also 600 W. 115th St. v Von Gutfeld, 80 NY2d 130 [1992], cert denied 508 US 910 [1993]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK